Good morning, Your Honors. If it pleases the Court, I'm Alan Zarki on behalf of Mr. Petri, and I would like to reserve three minutes. All right. Your Honors, as you know, Rule 32, I3B requires that as to controverted matters, the judge has to do one of two things, either resolve them or announce that he or she, I'll say he if I may, is not going to resolve them. In some way, he must address the dispute. I see three issues before the Court on this appeal. First is, what kind of disputes does the Rule encompass? Second, what actions by a counsel are necessary to trigger the Court's obligation? And third, the standard of review. As to the first, Your Honor, I submit it's clear. The government contends throughout its brief, and it says quite explicitly, that this Rule only applies to disputes with the pre-sentence report. But in 2002, the Rule was modified to state that it applies to disputes with the pre-sentence report, quote, or other controverted matter. But how do you square that position, Mr. Zarki, with the committee note that accompanied the 2002 Rule change, in which the committee stated that the intention was to narrow the previous interpretation or ruling, actually, language of the Rule. And I think you have to recall in answering my question that this occurred in the interim between the 2000 decision in Apprendi and the 2005 decision in Booker, so that the committee couldn't know in 2002 that ultimately this would become completely advisory. But in 2000 in Apprendi, the Court had said, you know, if there's a major enhancement in the sentence, a jury has to make that determination. Your Honor, I would resolve it in two ways. First of all, they were speaking to the excision of particular language, Rule on any unresolved objections to the pre-sentence report. And so they were saying, we're not saying you have to take this literally, but it must be ones that might in some way actually affect the sentence. But wasn't Mr. Petrie's objection, which had been made with the probation officer, to a minor role adjustment? And did the argument that Mr. Filopovich offered to Judge Lasnik address the arguments in support of that motion to reduce? They did, but they also went far beyond that to the Rule 3553A factors in general. And to continue answering your first question, Your Honor, the point is they didn't address what those other four words meant. And I think that, as we know, this is legislative history, and this Court's first obligation is to give meaning to plain language in a statute. But the controverted matter was the defendant's role in the offense, and all of the arguments that were being offered were in support of that objection, which the district court ultimately denied, did he not? Your Honor, I think one could have a major role in offense and still be coerced. And so the fact that we were arguing about coercion and whether he came into the country, as the government contends, with a fraudulent intent, or instead had a fraudulent intent only after being coerced, doesn't go at all to role in the offense, but does go to other 3553A issues. We also had disputes as to the amount of ---- Can you give me a plausible reason why it would be any controverted point unrelated to the pre-sentence report, given what the rule talks about and the context of the rule? Because to adopt your position really is at odds with what I think they were trying to do, according to the advisory note that Judge Tallman read. But maybe you could give us your view, if we take controverted to mean any controverted matter, what does that mean? And what is the practical application of that? It means it's not limited to the pre-sentence report. The practical application is just like here, that if we have a dispute with the government as a matter that's not set forth in the pre-sentence report, and the pre-sentence report did not address either of these issues, namely this coercion claim, nor the amount of money. Well, how is the district court supposed to know that? Your Honor, I think as with anything of this nature, the court's going to be reading the pre-sentence report, excuse me, reading the sentencing memoranda, listening to the oral argument, and if the matter is clear, if it's clear there's a dispute, the court needs to address it. If it's not clear, if there's one or two little words in there, in other words, whatever sort of rule ---- In other words, the district court, just try to imagine this as a practical matter. We know what the pre-sentence report is, and of course we have objections to the pre-sentence report that the defendant makes. But the sentencing memorandum is wide-ranging. So basically, in your view, even if the counsel didn't ask or raise for a specific finding, the district court would have to take the sentencing memorandum of the government and of the defendant and match it up. And if there's any controverted matter in there, then he would have to make a finding on all those matters, even if nobody raised it. Would that be what the rule says? I just would not agree with the part, if nobody raised it. We raised it. We just ---- the rule has an explicit requirement for notifying everyone of disputes with the pre-sentence report in 32F. You're right that the court's going to have to read and listen. But in this case, in other words, whatever point you say, if you were to establish some sort of rule, and I would suggest it's where it is clear there's a controverted matter. In this case, there was clearly a controverted matter that went to the heart of this. There's a real big difference between someone who comes into the country to commit fraud, as the government contended, and someone who thought he was just helping produce music and was tricked into committing a crime and then told, we've got your passport. You're stuck here. You've broken the law. You've got to help us. This was manifestly in front of the district court, this dispute. Mr. Zarke, how do you help us interpret Judge Lasnik's words at line 2 of page 25 of the sentencing transcript, in which after Mr. Filopovich made all of these arguments that you're referring to, but I do think that while I am not going to grant him a minor role adjustment, I take into account in saying that it, meaning the arguments that you're making, justifies a somewhat lower sentence than the guidelines would call for. Isn't that ruling on the arguments that have been made in support of the adjustment? Your Honor, I don't think so. The Rule 32, this Court has said time and time again, you can't do it by implication, you can't do it by silence. It must be clear and specific. And if you don't do it, and I'm saying- It's clear to me. I mean, he then goes on to say, I believe that what's appropriate, considering all the 3553 factors here, is to leave the guideline range at offense level 24. And then he goes down in the next paragraph to say, after announcing the 36-month sentence on this particular account, I think that's an appropriate punishment to take into consideration the amount of the loss, the role that Mr. Petrie played, the fact that he will be deported, etc. Your Honor, I guess I'd say it is not clear to me, whether he's either saying, yes, you were coerced, no, you weren't coerced, or three, I'm not going to decide whether you're coerced. Same with the money. He's not saying, yes, I find you've made $10,000. He's not saying, as the government says, that's just false that you only made $10,000. And he's not saying, I'm not going to decide. I don't think that's- those sort of comments- Help me with this. I ran the guidelines giving him the adjustment for role in the offense, and he still got a lower sentence than the bottom range had he been given the four-level reduction. Yes, Your Honor, but if the court had concluded that the claims of coercion, that effectively we were held here as blackmail and tricked into this and had no choice, he might well have gone lower. We don't know. How can we say that in light of his statement that I think a 60-month sentence is an appropriate sentence based on what Mr. Petrie did here? But we don't know what he's saying, what he concluded Mr. Petrie did. We know that he says Mr. Petrie was active. Very, very active, he says. But that doesn't go to- that goes to what he did, not whether he did it because he was afraid of being turned into the police by these other individuals after having been tricked into a crime. It doesn't also tell us whether he thinks Mr. Petrie made $10,000 or far, far more. I think it's just too vague a comment to meet this Court's requirements of clear- gone above the guideline range. But I'm really having a hard time understanding what the practical effect of the argument is when the district court went down below the best guideline range you could have hoped for if he'd given you the four-level adjustment. I think if he fully accepted our position, he might well have gone lower. And so we- but we don't have the record that allows us to evaluate that. So I- well, I would agree with a above guideline range or within, we'd have a clearer position. But- It's an inconvenient fact. It's an inconvenient fact, but I don't think in any way it should be dispositive. Well, my time, including- Why don't we hear from the government? Thank you. Good morning, Your Honors. May it please the Court, Stephen Misada on behalf of the United States. Now, clearly we're here to determine the scope of Rule 32I.3b, but also what triggers the district court's obligation to make specific factual determinations or to state that a determination is not necessary. I think at the outset it's important to acknowledge what Rule 32 is not. And it's not a gotcha game for the district court, nor is it a backdoor to re-litigate sentencing issues having presented no evidence of a fact that defense wants to use in mitigation. Then on appeal to argue, well, sure, there's no evidence, but the government said disagreed with that representation, hence a disputed fact under Rule 32. Now, I think both parties will agree that the Rule 32 prior to the 2002 amendments was limited to written specific objections to the pre-sentence report. Now, it's the appellant's position here that the 2002 amendments marked a landmark revolutionary change to Rule 32 that effectively abrogates years of case law and runs contrary to the clear intent stated in the committee notes of Rule 32. It certainly did not. And for that reason, this court should summarily affirm the district court's sentence imposed here. In this case, it is materially indistinguishable from the United States v. Rigby, which, of course, involved the argument that the defendant was entitled to a minor role adjustment based on his representation. He was merely a mule and the amount of money he received. The court there determined that objection, not awarding the minor role, and the court said that was the essence of the objection. And that is all that Rule 32 required. Now — Kagan. Is it your position that even under the interpretation that Mr. Zarki advances that the court met that or that controverted only relates to the pre-sentence report? There's two questions, Your Honor. First, it is the government's position that the 2002 amendments, which, again,  it is limited to clearly stated objections that are embedded in the pre-sentence report. Although he has a pretty good argument, if you read the language. Because it says any disputed portion of the pre-sentence report. So that's one thing. And then it says, or other controverted matter. Well, controverted matter is not a new term. It's not pulled out of the ether. The prior versions of Rule 32 used the term controverted matter and matters controverted repeatedly. And that always applied to objections to the pre-sentence report. As Your Honor mentioned, Rule 32 must be read not in isolation. We're not going to pick out these two words. We're going to read Rule 32 as a whole. And in light of its history, Rule 32 has always applied to the pre-sentence report. What's the difference between a disputed portion of the pre-sentence report and a controverted matter of the pre-sentence report? Wouldn't that make the second phrase surplusage if they're the same thing? Well, respectfully, no, Your Honor. A party could look at the pre-sentence report and disagree with a specific factual representation in the pre-sentence report. There could also be they could also object, as the rule requires, to an omission from the pre-sentence report, a characterization of a undisputed fact perhaps. Rule 32, I'm sorry, subsection F of Rule 32 talks about the types of objections that the attorneys are supposed to file, omissions or the statements of policy statements in the pre-sentence report. These are all controverted matters. Controverted matters essentially means clear, specific, factual objections to the pre-sentence report. Well, I suppose that controverted matters could be broad enough to cover matters raised during the sentencing proceedings that were not specifically addressed in the pre-sentence report or objections to the pre-sentence report. Perhaps, Your Honor. Rule 32. But in this case, this issue wasn't raised at any time during the sentencing proceedings? Is that your position? That is correct, Your Honor. Mr. Zarki argues that this dispute, these factual disputes were utterly clear. I frankly disagree. You read the record. It wasn't clear to Judge Lasnik, who is a very careful, thoughtful district court judge, that a Rule 32 factual finding or resolution was required. So when you use the term controverted matter, are you using it in the technical sense that because the defense did not supply with their sentencing memorandum a sworn affidavit from Mr. Petrie or some admissible evidence that he only received so much money and he saw this gun that there really was not then before the district court a fully joined issue on this matter? Well, I think it requires even more than that, Your Honor. As this court determined in United States v. Studerow, which is a 2008 case, so the defense can't argue that that's pre-2008 or pre-2002 amendment, this court said only specific factual objections trigger Rule 32. When in the government's briefing in response to the opening brief, it did point out that it's important to frame what happened before the district court, that the defense was trying to propagate facts based on nothing but defense counsel's argument. And having lost that, having not met their burden in arguing for a downward variance or a downward reduction in the offense level, they come back on appeal and change the theory of their argument and say, well, because the government said, nuh-uh, that's all speculation, that's a Rule 32 violation. That's what happened here, Your Honor, Your Honors. Now, I think Rule 32 is the easiest way to dispose of this case. And that goes to sort of the second question that Mr. Zarkey raised, what's the feasible scope of Rule 32, but also what triggers the district court's obligation. And this court has said time and again since the 2002 amendments, only specific factual objections trigger Rule 32. Studerow was cited again by this case for that proposition by in United States v. Navarro, which I believe, Your Honor, Judge Tallman sat on that panel. Again, relying on Studerow, this Court said dispose of a Rule 32 appeal because the defendant did not argue that there were specific factual errors in the pre-sentence report. Now, this position is consistent with all the other jurisdictions. Keep in mind that this is a 2002 amendment. In the decades since then, no court that I'm aware of has adopted Mr. Zarkey's position. But Counsel, you would concede in response to Judge Schroeder's question that there could be a factual issue that might arise during the sentencing proceeding. I can envision a situation in which victims testify and until the district court hears the victim's testimony, there might be an issue, for example, regarding the amount of the loss that for one reason or another was not covered in the pre-sentence report. Or Mr. Petrie could have taken the stand at the sentencing proceeding and testified to what his lawyer was urging were the facts of this matter, in which case then perhaps the district court might have had to resolve whether or not he was telling the truth. Now, were the court to interpret Rule 32 at this point to have expanded, not narrowed, the district court's obligation, this appeal still would fail because there was no specific objection, no request for a finding. The district court, again, this is not a gotcha game. The district court needs to be alerted to the fact that there is a request for a finding or some sort of determination on what they're claiming is a factual dispute. Well, I'm trying to, I mean, there is no specific provision in the guidelines for coercion or for how much money the defendant profited. I mean, we have amount of the loss, but that focuses more on the impact of the victim or what the consequences of, in this case, the skimming operation were. And, Your Honor, to address the scope of Rule 32, the feasible scope of Rule 32, it cannot simply apply as broadly to any 3553A factors. That would open up a Pandora's box of sentencing appeals because virtually anything could apply to the 3553A determination. And, again, turning to the advisory notes, it makes clear that the 2002 amendments were not meant to be broad. It was meant to narrow. They talk about objections. If the objection is sufficient and it relates to a factual matter in the PSR, then that's what triggers Rule 32 obligation. I'll turn the Court's attention to the last paragraph, which addresses a question of whether a defendant has a drug problem. I think every party will agree that whether the defendant has a drug problem could weigh into 3553A, whether it be aggravating or mitigating. But even in this case, the advisory notes say that if there is an objection, the Court may, but doesn't have to, resolve these objections. Now, the practical concerns are real, Your Honor. And to say that the defense could – I see that I'm out of time. May I just briefly conclude? Please. That the defense can suddenly point back to arguments made by the government and say, look, these were not agreed upon, Rule 32. I mean, that's going to open up a flood of appeals. And, Your Honors, I know I did not get to it, but plain error review would apply to the extent that Rule 32 applies at all in this case. The error was not plain, and nor were Mr. Petrie's rights affected in any substantial way. Thank you. Thank you, Your Honors. Mr. Zarki, I'm going to give you a minute of rebuttal. Even though you used up your time, you think you need a little time. Thank you. Briefly, I don't think the government has really responded to the question of how not to make those four words surplusage. And under his interpretation, they would be. Well, I think he did concede, in response to Judge Schroeder's question, that there could be controverted matters that arose outside of the pre-sentence report that might arise during the sentencing proceeding. Then I submit this was one. And when he suggested that the court's case is talking about objections, objections are required under 32F as to matters in the pre-sentence report. There is no formal mechanism for requiring objections to other disputed matters. These were disputed manifestly, I submit, in the record. They were disputed by Mr. Filopovich's able argument. Argument, but no evidence. No evidence. Slated to evidence, including the passport. He slated to his client's own words. He slated to his co-defendant, Mr. Amarancho. I'm not sure that's the correct pronunciation. But those are all facts that he cited to in support of this. So he did. He cited to the fact that there was only one $20,000 wire transfer in his client's word that he only got to keep half of it. Those are all facts that he cited to. So, and as to the last issue, plain error, given time constraints, I'll simply refer the Court to my reply brief. Given the cases we cited in our opening, the government's concession that there does not need to be an objection after a court's inaction to get de novo review when it's a pre-sentence report issue. And then Rule 51 in the Mancini-Flores case, which is detailed in my reply brief, I think establishes that de novo review, not plain error replies here. Thank you. Thank you. Thank you. Thank both counsel for your argument this morning. The case of United States v. Petrie is submitted.
judges: Schroeder, McKeown, Tallman